**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-27629-BLOOM**

RAMON J. BROCHE-HEREDIA,

Petitioner,

v.

WARDEN, Miami Federal Detention Center,

Respondent.
_______________________________________/

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner Ramon J. Broche-Heredia's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. [1]. Respondent filed a Response to the Court's Order to Show Cause ("Response"), ECF No. [5], to which Petitioner filed a Reply, ECF No. [7]. The Court has reviewed the Petition, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba who entered the United States as a Cuban parolee on December 14, 1995. ECF Nos. [5] at 2, [5-1]. On November 2, 2009, an Immigration Judge ordered Petitioner removed to Cuba, and that order became administratively final. ECF Nos. [5] at 3, [5-6]. Petitioner was subsequently released from immigration custody pursuant to an Order of Supervision ("OSUP") on January 31, 2010. ECF Nos. [5] at 3, [5-7]. Following a subsequent period of incarceration and immigration detention, Petitioner was again released under an OSUP on July 26, 2017. ECF Nos. [5] at 5, [5-16].

On April 21, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner back into custody. ECF Nos. [5] at 5, [5-4]. On May 13, 2026, ICE issued Petitioner a Notice of Revocation of Release, asserting that he violated the conditions of his OSUP by failing to report to scheduled appointments on May 23, 2024, and December 18, 2025. ECF Nos. [5] at 5, [5-17]. The Notice further advised Petitioner that ICE was seeking travel documents to effectuate his removal to Cuba. *Id.* Petitioner has remained in custody since April 21, 2026. ECF Nos. [1-2] ¶ 12, [5] at 6, [5-4].

Petitioner filed the instant Petition on October 28, 2026, arguing that his detention has exceeded the presumptively reasonable six-month period recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that there is no significant likelihood of his removal in the reasonably foreseeable future. ECF No. [1-2] ¶¶ 18–19. Respondent opposes the Petition, arguing that Petitioner's detention is authorized by 8 U.S.C. § 1231(a)(6) and that Petitioner has failed to establish that his removal is not reasonably foreseeable. ECF No. [5] at 7, 12. Respondent acknowledges that Cuba denied Petitioner's repatriation on September 11, 2026, and again on October 15, 2026. ECF Nos. [5] at 6, [5-2] ¶¶ 29–30. According to Respondent, ICE "will attempt" Petitioner's removal to Mexico within the next forty-five (45) days. ECF Nos. [5] at 6, [5-2] ¶ 31. Respondent has provided no evidence that Mexico has agreed to accept Petitioner or that any travel documents have been issued for his removal to that country.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. §2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. §2241(c)(3). The Court's jurisdiction extends to challenges involving immigration

detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that his detention has exceeded six months and that his removal is not significantly likely in the reasonably foreseeable future. ECF No. [1]. Respondent responds that Petitioner has not shown that removal is not significantly likely because Petitioner admits that ICE is actively seeking Cuban travel documents. ECF No. [5] at 11. Even so, Respondent argues that there is a significant likelihood of removal in the reasonably foreseeable future because, even though Cuba denied Petitioner travel documents on two occasions, Respondent is actively seeking third country removal to Mexico within the next 45 days. *Id.* at 11–12.

After the entry of a final order of removal against a noncitizen, the Government generally must secure the noncitizen's removal during a 90-day "removal period." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (quoting 8 U.S.C. § 1231(a)(1)(A)). Once that "removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Id.* at 578–79 (quoting 8 U.S.C. § 1231(a)(6)).

But "Section 1231(a)(6) does not expressly specify how long detention past the 90-day removal period may continue for those who fall within the four designated statutory categories." *Id.* at 579. And "indefinite detention" raises "serious constitutional concerns." *Zadvydas*, 533 U.S. at 682. As a result, the Supreme Court has "construe[d] the statute to contain an implicit 'reasonable time' limitation" of six months, "the application of which is subject to federal-court review." *Id.* "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.* at 701. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the

reasonably foreseeable future." *Id*. But "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

So, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). If the petitioner provides such evidence, the burden shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701).

Here, Petitioner has been subject to an administratively final order of removal to Cuba since November 2, 2009. ECF No. [5] at 3. Petitioner has been continuously detained in ICE custody since April 21, 2026—longer than six months. ECF No. [1] at 6. Petitioner states that ICE was seeking travel documents to Cuba in May 2026, but that Petitioner does not have a removal date or itinerary. *Id.* Respondent's own evidence supports Petitioner's assertions as Cuba has expressly declined to accept Petitioner for repatriation when it denied Respondent's request for travel documents twice: once on September 11, 2026, and again on October 15, 2026. *See* ECF No. [5] at 6. Additionally, Respondent has not represented that it has confirmed plans to remove Petitioner to Mexico but instead represents that ICE "will attempt" third-country removal to Mexico within the next forty-five (45) days. ECF Nos. [5] at 12; [5-2] ¶ 31. Under these circumstances, the Court finds Petitioner has shown good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, so the burden shifts to the Government to rebut that showing.

Respondent has not done so. Respondent acknowledges that Cuba has denied requests for travel documents and merely states it "will attempt" removal to Mexico within the next 45 days but provides no information regarding its efforts to effectuate Petitioner's removal. ECF No. [5] at 11–12. Moreover, Mexico's acceptance of a Cuban national may be contingent upon the individual's agreement to go there. *See Sanchez v. Bondi, et al.*, No. C25-2573-KKE, 2026 WL 160882, at *3–4 (W.D. Wash. Jan. 21, 2026) (noting that Mexico's conditional acceptance cast doubt on Respondent's ability to remove the petitioner). Respondent has provided no evidence of an actual plan of removal or any coordination with Cuba or Mexico to show that Petitioner may be removed in the foreseeable future. As such, Respondent has not met its burden to rebut Petitioner's assertion that his removal is not significantly likely in the reasonably foreseeable future.

Thus, the Court finds that Petitioner is entitled to release under *Zadvydas*. Of course, if removal becomes likely in the reasonably foreseeable future, ICE can detain Petitioner to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.[1]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **GRANTED in part**.
2. Respondent is **ORDERED** to release Petitioner from custody no later than **5:00 p.m. ET on November 16, 2026**, subject to and in accordance with the conditions in his preexisting Order of Supervision. Respondent shall return all of Petitioner's personal belongings to him upon release.
3. Respondent shall certify compliance with this Order **on or before November 18, 2026**.

---

[1] Because the Court orders Petitioner's release based on this argument, the Court does not reach Petitioner's remaining arguments.

4. The Court retains jurisdiction as necessary to enforce this Order.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

6. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 13, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Ramon J. Broche-Heredia
A074131588/52679-506
Miami Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE